IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **ERNEST REED, et al,** | |
| Plaintiffs, | |
| vs. | **2:06CV763** |
| **GUIDANT CORPORATION, GUIDANT SALES CORPORATION and JOE DOE DEFENDANTS,** | UNOPPOSED |
| Defendants. | |

**JOINT MOTION TO STAY PROCEEDINGS PENDING
TRANSFER TO MULTIDISTRICT LITIGATION ("MDL")**

Defendants Guidant Corporation and Guidant Sales Corporation (collectively, "Defendants") hereby move the Court pursuant to Rule 6(b) of the Federal Rules of Civil Procedure to stay all proceedings – including, but not limited to, (i) the time period for Defendants to answer or otherwise respond to Plaintiffs' Complaint, (ii) the period for initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure, and (iii) other discovery and pretrial deadlines -- pending the Judicial Panel on Multidistrict Litigation's ("JPML") decision regarding transfer of Plaintiffs' claims against Defendants to MDL 1708. In support of this motion, Defendants state:

1

Over 575 cases involving cardiac medical devices manufactured by Cardiac Pacemakers, Inc. ("CPI") have been filed in or removed to federal courts throughout the country. On November 7, 2005, the JPML established an MDL Court and began transferring cases involving these cardiac devices to the United States District Court for the District of Minnesota for consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407, attached hereto as **Exhibit A**. Among the primary purposes of consolidating these cases cited by the JPML was to conserve judicial resources and to avoid inconsistent rulings.

Judges in the United States District Court for the Northern District of Alabama have stayed proceedings pending transfer to an MDL Court. *See Schuck v. Guidant Corp.*, 2:06-CV-00101-RRA (N.D. Ala., Jan. 27, 2006) (Order Granting Stay, Armstrong, J.); *Christon v. Guidant Corp.*, 7:06-CV-00977-LSC (N.D. Ala., June 9, 2006) (Order Granting Stay, Coogler, J.) (attached hereto as **Exhibit B**). Since the MDL Court was created, more than 535 cases have already been transferred or ordered to be transferred to that Court, and more cases are in the process of being transferred.

Defendants have notified the JPML that Plaintiffs' claims against Defendants are appropriate for transfer to the MDL Court. *See, e.g.,* Defendants 39th Notice of Potential Tag-Along Actions, attached hereto as

**Exhibit C**.  Defendants expect that the JPML will transfer this case promptly.

Defendants and Plaintiffs stipulate and agree that the stay shall remain effective until as otherwise ordered by the MDL Court.  The parties further stipulate and agree that Defendants shall answer or otherwise respond to the Complaint filed herein after this case is transferred to the MDL Court, and in accordance with the requirements and deadlines established by the MDL Court.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.  *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Nelson v. Grooms*, 307 F.2d 76 (5th Cir. 1962); *Home Insurance Co. v. Coastal Lumber Co.*, 575 F. Supp. 1081, 1083 (N.D. Ga. 1983).  The Court has the inherent power to stay proceedings pending the resolution of related issues in another forum. *See Genesis Hill v. Betty Mitchell*, 30 F. Supp. 2d 997, 1000 (S.D. Ohio 1998).  In view of the likelihood that this action will be consolidated with the other cases involving Guidant products and transferred to MDL 1708, the stay to which the parties have stipulated would serve the interests of judicial economy.

The attorneys for Plaintiffs have reviewed this Joint Motion to Stay Proceedings Pending Transfer to Multidistrict Litigation ("MDL") and consent to the attorneys for the Guidant Defendants e-filing this motion.

Respectfully submitted this the 15th day of September 2006.

                    Respectfully submitted,
                    s/ Andrew B. Johnson
                    Fred M. Haston, III
                    Andrew B. Johnson
                    BRADLEY ARANT ROSE & WHITE LLP
                    One Federal Place
                    1819 Fifth Avenue North
                    Birmingham, AL 35203-2119
                    Telephone: (205) 521-8000
                    Facsimile: (205) 521-8800
                    E-mail: ajohnson@bradleyarant.com
                    thaston@bradleyarant.com

                    Attorneys for Defendants Guidant
                    Corporation and Guidant Sales Corporation

## **CERTIFICATE OF SERVICE**

      I hereby certify that on September 15th 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

> Kathryn S. Harrinton, Esq
> Hollis & Wright P.C.
> 505 North 20th Street, Suite 1500
> Birmingham, Alabama 35203
> kathrynh@hollis-wright.com
> *Counsel for Plaintiff*

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> NONE

                s/ Andrew B. Johnson

11/07/2005 11:57 FAX 2025024833         JPML                              ☒002

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV - 7 2005

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

*DOCKET NO. 1708*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE GUIDANT CORP. IMPLANTABLE DEFIBRILLATORS PRODUCTS LIABILITY LITIGATION*

*BEFORE WM. TERRELL HODGES, CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL AND DAVID R. HANSEN, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation currently consists of two actions in the District of Minnesota and one action each in the Central District of California, Southern District of Florida, Southern District of Indiana and Eastern District of New York as listed on the attached Schedule A.[1] Before the Panel are two motions, pursuant to 28 U.S.C. § 1407, that taken together seek centralization for coordinated or consolidated pretrial proceedings of the six actions. Plaintiff in one District of Minnesota action and plaintiff in the Southern District of Indiana action both seek centralization in the district in which their respective actions are pending. Defendants Guidant Corp., Guidant Sales Corp., and Cardiac Pacemakers, Inc. (collectively Guidant) initially opposed the motions, but now agree that centralization is warranted; however, the defendants propose the Northern District of Illinois as transferee district. Plaintiffs in all actions before the Panel agree that centralization is appropriate, as do plaintiffs in numerous potential tag-along actions, but some responding plaintiffs suggest transferee districts other than those proposed by the movants and Guidant, including the Northern District of California, Southern District of Florida, Eastern District of New York, Northern District of Ohio, and Eastern District of Pennsylvania, among others.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the District of Minnesota will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share allegations that certain implantable defibrillator devices manufactured by Guidant were defective and caused injury, or the threat of injury, to the plaintiffs and putative class members. Plaintiffs in some potential tag-along actions also bring claims related to pacemakers manufactured by Guidant. All devices at issue in these actions have been the subject of

---

[1] The Panel has been notified of over 60 potentially related actions pending in multiple federal districts. In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).



EXHIBIT
A

-2-

written warnings, medical advisories, recalls, or some combination thereof. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

Given the varied locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that a wide array of suitable transferee districts presents itself. In concluding that the District of Minnesota is an appropriate forum for this docket, we observe that this district, where at least ten actions are already pending before one judge, is a geographically central, metropolitan district equipped with the resources that this complex products liability litigation is likely to require. The District of Minnesota also has a nexus to this docket given the location there of key Guidant facilities involved in the development and manufacturing of the relevant devices.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the District of Minnesota are transferred to the District of Minnesota and, with the consent of that court, assigned to the Honorable Donovan W. Frank for coordinated or consolidated pretrial proceedings with the actions listed on Schedule A and pending in that district.

FOR THE PANEL:

/s/ Wm. Terrell Hodges
_____
Wm. Terrell Hodges
Chairman

## SCHEDULE A

### MDL-1708 — In re Guidant Corp. Implantable Defibrillators Products Liability Litigation

#### Central District of California

*Joseph Gabriele v. Guidant Corp.*, C.A. No. 5:05-487

#### Southern District of Florida

*Eugene Clasby v. Guidant Corp.*, C.A. No. 1:05-21485

#### Southern District of Indiana

*John Brennan v. Guidant Corp., et al.*, C.A. No. 1:05-827

#### District of Minnesota

*Edith Walker v. Guidant Corp.*, C.A. No. 0:05-1141
*Darci L. Munson v. Guidant Corp., et al.*, C.A. No. 0:05-1153

#### Eastern District of New York

*Larry Wenig, et al. v. Guidant Corp., et al.*, C.A. No. 2:05-2822

**Johnson, Andy**

**From:** cmecf_ALND@alnd.uscourts.gov
**Sent:** Friday, January 27, 2006 4:07 PM
**To:** ecfAdmin@alnd.uscourts.gov
**Subject:** Activity in Case 2:06-cv-00101-RRA Schuck v. Guidant Corporation et al "Order on Motion to Stay"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## Northern District of Alabama

Notice of Electronic Filing

The following transaction was received from JTR, entered on 1/27/2006 at 4:07 PM CST and filed on 1/27/2006
**Case Name:** Schuck v. Guidant Corporation et al
**Case Number:** 2:06-cv-101
**Filer:**
**Document Number:**

**Docket Text:**
ORDER granting [5] Motion to Stay. All proceedings in this case are STAYED pending transfer of the above captioned case to the MDL Court. Signed by Judge Robert R Armstrong on 01/27/06. (JTR)

The following document(s) are associated with this transaction:

**2:06-cv-101 Notice will be electronically mailed to:**

F M Haston , III    thaston@bradleyarant.com

Andrew B Johnson    ajohnson@bradleyarant.com

Craig L Lowell    cll@wcqp.com

**2:06-cv-101 Notice will be delivered by other means to:**

9/15/2006

**Johnson, Andy**

| | |
|---|---|
| **From:** | cmecf_ALND@alnd.uscourts.gov |
| **Sent:** | Friday, June 09, 2006 1:50 PM |
| **To:** | ecfAdmin@alnd.uscourts.gov |
| **Subject:** | Activity in Case 7:06-cv-00977-LSC Christon v. Guidant Corporation et al "Order on Motion to Stay" |

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.

## U.S. District Court

## Northern District of Alabama

Notice of Electronic Filing

The following transaction was received from BST, entered on 6/9/2006 at 1:50 PM CDT and filed on 6/9/2006

**Case Name:** Christon v. Guidant Corporation et al
**Case Number:** 7:06-cv-977
**Filer:**
**Document Number:**

**Docket Text:**
ORDER granting [4] Motion to Stay . Signed by Judge L Scott Coogler on 6/9/2006. (BST, )

The following document(s) are associated with this transaction:

**7:06-cv-977 Notice will be electronically mailed to:**

W Lewis Garrison , Jr    wlgarrison@hgdlawfirm.com

Andrew B Johnson    ajohnson@bradleyarant.com

**7:06-cv-977 Notice will be delivered by other means to:**

9/15/2006

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re Guidant Corp. Implantable
Defibrillators Products Liability
Litigation

MDL No. 1708

### THIRTY-NINTH NOTICE OF POTENTIAL TAG-ALONG ACTIONS

Pursuant to Rule 7.5(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Defendants Guidant Corporation, Guidant Sales Corporation and Cardiac Pacemakers, Inc. hereby respectfully notify the Clerk of the Panel of potential tag-along actions as set forth below and state as follows:

1. By Motion to Transfer dated June 14, 2005, Plaintiff Darcy Munson sought consolidation and coordination of several actions as set forth in the Schedule of Actions attached thereto.

2. By Transfer Order dated November 7, 2005, the Panel ordered that the actions subject to the Motion for Transfer be transferred to the District Court for the District of Minnesota and assigned to the Honorable Donovan W. Frank for coordinated and consolidated pretrial proceedings.

3. The following potential tag-along actions, like those actions identified in the original Schedule of Actions attached to Munson's Motion to Transfer, are pending in federal courts and involve allegations of injuries from cardiac medical devices:

**ALABAMA**

- *Reed, Ernest et al. vs. Guidant Corporation, et al.*, Case No. 2:06-cv-763 (USDC ND AL) filed on August 24, 2006;

- 1 -

2084433v1

## CALIFORNIA

- *Biondi, Piero, et al. vs. Guidant Corporation, et al.*, Case No. 1:06-cv-00407 (USDC ED CA) removed on August 28, 2006;

- *Cameron, Ronald, et al. vs. Guidant Corporation, et al.*, Case No. 2:06-cv-00896 (USDC ED CA) removed on August 31, 2006;

- *Hosler, Clifford, et al., vs. Guidant Corporation, et al.*, Case No. 2:06-cv-00900 (USDC ED CA) removed on September 1, 2006;

- *Martinez, Alfred vs. Guidant Corporation, et al.*, Case No. 5:06-cv-05244 (USDC ND CA) removed on August 25, 2006;

- *Notestine, Randal vs. Guidant Corporation, et al.*, Case No. 2:06-cv-01945 (USDC ED CA) removed on August 30, 2006;

## FLORIDA

- *Andreottola, Anthony, et al. vs. Guidant Corporation, et al.*, Case No. 06-cv-61292 (USDC SD FL) filed on August 22, 2006;

- *Chidlers, Lori vs. Guidant Corporation, et al.*, Case No. 06-cv-61293 (USDC SD FL) filed on August 22, 2006;

- *Delgado, Lupe vs. Guidant Corporation, et al.*, Case No. 06-cv-61294 (USDC SD FL) filed on August 22, 2006;

- *Goldberg, Seymour, et al. vs. Guidant Corporation, et al.*, Case No. 06-cv-80811 (USDC SD FL) filed on August 22, 2006;

- *Jordahl, Bernard et al. vs. Guidant Corporation, et al.*, Case No. 06-cv-01285 (USDC MD FL) filed on August 30, 2006;

- *Trama, Nicholas, et al. vs. Guidant Corporation, et al.*, Case No. 06-cv-14217 (USDC SD FL) filed on August 22, 2006;

## MISSOURI

- *Alexander, Donald vs. Guidant Corporation, et al.*, Case No. 4:06-cv-01289 (USDC ED MO) removed on August 25, 2006;

2084433v1

### NEW YORK

- *Dimase, William vs. Guidant Corporation,* Case No. 2:06-cv-04773 (USDC ED NY) removed on August 31, 2006;

- *Pignataro, Max vs. Guidant Corporation,* Case No. 06-cv-6496 (USDC SD NY) removed on August 28, 2006;

### OHIO

- *Couch, Mary Rose, et al., vs. Guidant Corporation, et al.,* Case No. 1:06-cv-582 (USDC SD OH) removed on September 1, 2006.

4. Transfer of the potential tag-along actions to the District of Minnesota for consolidated and coordinated pre-trial proceedings is therefore appropriate for the same reasons as set forth in this Panel's Transfer Order.

5. Copies of the Complaints in these cases are attached hereto for the Panel's convenience.

Respectfully submitted,

_Timothy A. Pratt_ by Jane G. Bartley
Timothy A. Pratt
Deborah A. Moeller
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, Missouri 64108
Telephone: 816-474-6550
Facsimile: 816:421-5547
tpratt@shb.com
**Counsel for Defendants Guidant Corporation, Cardiac Pacemakers, Inc. and Guidant Sales Corporation**

BEFORE THE JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

In re Guidant Corp. Implantable
Defibrillators Products Liability                MDL No. 1708
Litigation

## PROOF OF SERVICE

I hereby certify that on September 7, 2006, a copy of the Thirty-Ninth Notice of Potential Tag-Along Actions was served on counsel listed below, via U.S. Mail.

                                                    /s/ Timothy A. Pratt by Jane G. Bartley

**Counsel for Defendants Guidant
Corporation, Cardiac Pacemakers, Inc. and
Guidant Sales Corporation**

Charles S. Zimmerman
ZIMMERMAN REED
651 Nicollet Mall, Suite 501
Minneapolis, MN 55402-4123
Phone: 612-341-0400
Fax: 612-341-0844
*Plaintiffs' Lead Counsel*

Richard Arsenault
NEBLETT, BEARD & ARSENAULT
2220 Bonaventure Court
Alexandria, LA 71301
Phone: 318-487-9874
Fax: 318-561-2591
*Plaintiffs' Lead Counsel*

Elizabeth Cabraser
LIEFF, CABRASER, HEMANN & BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Phone: 415-956-1000
Fax: 415-956-1008
*Plaintiffs' Lead Counsel & Counsel for Jordahl, et al.*

- 4 -

2084433v1

Seth R. Lesser
LOCKS LAW FIRM, PLLC
110 East 55th Street
New York, NY 10022
Phone: 212-838-3333
Fax: 212-838-3735
*Plaintiffs' Lead Counsel*

Kathryn S. Harrington
HOLLIS & WRIGHT PC
505 North 20TH Street, Suite 1500
Birmingham, AL 35203
Phone: 205-324-3600
Fax: 205-324-3636
*Plaintiff's Counsel for Reed, et al.*

Luke Ellis
Kristin Lucey
GILLIN JACOBSON ELLIS & LARSEN
2 Theatre Square, Suite 230
Orinda, CA 94563
Phone: 925-253-5800
Fax: 925-253-5858
*Plaintiff's Counsel for Biondi, et al; Cameron, et al; Hosler, et al; Martinez; & Notestine*

Alex Alvarez
THE ALVAREZ LAW FIRM
355 Palermo Avenue
Coral Gables, FL 33134
Phone: 305-444-7675
Fax: 305-444-0075
*Plaintiff's Counsel for Andreottola ; Chidlers ; Delgado ; Goldberg; & Trama*

Donald Alexander, Pro Se
31057 Oak Ridge Drive
Rocky Mount, MO 65072
Phone: 573-964-0389

2084433v1

Thomas J. Keegan, Jr.
KEEGAN & KEEGAN, ROSS & ROSNER, LLP
Post Office Box 918
147 North Ocean Avenue
Patchogue, New York 11772
Phone: 631-475-9400
*Plaintiff's Counsel for Dimase*

A. Sheldon Edelman
MOSKOWITZ, PASSMAN & EDELMAN, ESQS.
225 Broadway, Suite 2005
New York, New York 10007
Phone: 212-227-0430
*Plaintiff's Counsel for Pignataro*

Robert W. Kerpsack
ROBERT W. KERPSACK CO., L.P.A.
21 East State Street, Suite 300
Columbus, Ohio 43215
Phone: 614-242-1000
*Plaintiff's Counsel for Couch*